**James GOUDEAU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–88–01088–CR, 01–88–01086–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 12, 1990.

Bob C. Hunt, Ronald Monshaugen, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Cathy Herasimchuk, Asst. Dist. Atty., for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury found appellant, James Goudeau, guilty of aggravated kidnapping enhanced by a prior conviction of robbery by assault, and sentenced him to life imprisonment and a fine of $10,000.

On June 1, 1988, at 9:00 p.m., two female complainants, S–1 and S–2, left the Houston Community College Campus on Holman Street and were approached by appellant, who got into the back seat of their car. Appellant held a gun to S–1's head and threatened to shoot them if they failed to do as told.

S–1 testified at trial that she did not notice appellant as she entered her car at Houston Community College; she further testified that appellant entered her car from the back door on the driver's side and placed a gun to her head. Appellant ordered S–1 to drive the car to a dark place on the street and ordered both complainants to keep their heads down. When S–1 looked up, appellant beat her with the gun; after S–1 drove the car a distance, appellant demanded her purse, which contained $4.00. Appellant told complainants to get into the back seat and to remove their clothes. When S–1 did not comply, appellant tore her blouse, attempted to choke her, and forced her to disrobe at gunpoint. As the complainants undressed, appellant got into the back seat, and demanded oral sex. While S–2 performed oral sex, S–1 said (in Cambodian) that she would grab appellant's gun, and told S–2 to twist appellant's penis. While the complainants fought appellant, S–1 climbed to the front seat and tried to drive the car; appellant attempted to take over, and the car struck some objects. S–1 kicked appellant, causing his head to hit the roof of the car and break the inside ceiling light. S–1 told S–2 to open the door, then S–1 kicked appellant out of the car. Once outside the car, appellant asked the women for his gun and belongings. S–1 tried to drive the car, but it would not go very far because of a flat tire; the women were successful, however, in getting a passer-by to notify the police. S–1 testified that appellant left his wallet, gun, and driver's license in the back seat of the car. When the police arrived, S–1 and S–2 were shown the driver's license and identified appellant as their assailant. S–1 also testified that she lost her bracelet, a stone from her wedding ring, and money.

S–2 testified that on June 1, 1987, her classes at Houston Community College ended at 10:00 p.m.; that as she and S–1 walked to the car, a man approached them and asked for a ride, to which the complainants responded negatively. When S–2 got into the car on the passenger side, she heard a voice telling her not to move; she turned her head slightly and saw a gun; appellant told S–1 to start the car, and not to look at his face, but S–2 turned and looked at him; appellant instructed S–1 in which direction to drive. After telling S–1 to stop, appellant climbed into the front seat, started to fight, and told S–1 and S–2 to get into the back seat, which they did. Appellant shouted at S–2 to remove her clothes, and she complied because she was afraid she would be killed. She performed oral sex at appellant's request. After S–2 bit and twisted appellant's penis, he struck her in the head with his arm; S–2 continued to fight appellant, and eventually climbed into the front seat. However, appellant recovered the steering wheel from her and drove the car into something and stopped. S–2 and S–1 managed to open the door and kick appellant out of the car. Appellant was naked and asked for his gun, clothes, and billfold after he was kicked out of the car. S–2 attempted unsuccessfully to drive the car; however, S–1 drove it for a short distance and stopped. S–2 was bleeding from the head and later told the police officer that she had lost her watch and bracelet, but did not mention that she had lost money; however, she later testified that $100 had been stolen from her, and that the watch and bracelet were later found in the car. A few days later, while at the police station, she identified appellant as her assailant.

Don Harford, Houston Police Department, testified that on the date in question he responded to a call in the 5500 block of Liveoak. Upon his arrival, S–1 and S–2 were hysterical, and S–1 told him what had happened, and noted that $200 and S–2's watch had been stolen. Harford stated that the money possibly could have belonged to one complainant. Harford stated neither victim claimed to have been sexually assaulted, that they had not found the watch, and that a bracelet had been lost.

Harford further stated that S-1 and S-2 told him that appellant had driven the car over a rock wall and into everything; and that after the fight took place inside the car, appellant jumped out of the car and fled on foot. Harford testified that two days later appellant turned himself in to the police.

Willie Austin, a resident in the neighborhood where the crime occurred, testified that after hearing a noise, he went outside his home and noticed that his daughter-in-law had given appellant woman's clothing to cover himself and was talking to appellant. Austin testified that before appellant departed the scene, he noticed that appellant looked as if he had been beaten. Austin also testified that the yards of several houses on the street were damaged, i.e., garden trees were uprooted, there was a clipped fencepost in one yard, and a stop sign had been knocked down. Austin further testified that he never saw where the driver of the car went, or who the occupants of the car were.

In appellant's first point of error, he contends that the evidence is insufficient to support a finding that he was guilty of the offense of aggravated kidnapping.

▇▇▇ In reviewing the sufficiency of the evidence, an appellate court must examine the evidence in a light most favorable to the prosecution. *Gonzales v. State*, 689 S.W.2d 900, 901 (Tex.Crim.App.1985). If, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the judgment will stand. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). This standard of review applies to cases involving circumstantial evidence as well as those involving direct evidence and incorporates the principle that a conviction cannot be sustained if the circumstances do not exclude every reasonable hypothesis except that of guilt. *Denby v. State*, 654 S.W.2d

457, 464 (Tex.Crim.App. [Panel Op.] 1983) (op. on reh'g).

Appellant was charged by indictment as follows:

In cause number 476,866, appellant was charged with intentionally and knowingly abducting [S–1], hereafter styled the Complainant, without her consent, with intent to prevent her liberation by using and threatening to use deadly force, namely, by threatening to kill the Complainant with an air pistol and with intent to facilitate the commission of a felony, namely, sexual assault, and inflict bodily injury on the Complainant.

In cause number 476,868, appellant was charged with intentionally and knowingly abducting [S–2], hereafter styled the Complainant, without her consent, with intent to prevent her liberation by hitting the Complainant's head with an air pistol and with intent to inflict bodily injury on the Complainant and facilitate the commission of a felony, namely, sexual assault.

Appellant argues that the evidence is insufficient because of: (1) discrepancies in the complainants' statements, as well as their pretrial and trial testimony; (2) the fact that complainants testified that they never looked at appellant, but identified him from a photograph that was left in the car; (3) the lack of evidence at trial regarding ownership of the gun; and (4) the lack of fingerprints, sperm samples, and blood samples in evidence.[1]

▇▇▇ When reviewing the sufficiency of the evidence, a reviewing court must resolve inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex.Crim.App.1989); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). Thus, viewing the evidence so as to support the verdict, the inconsistencies in both complainants' testimonies are resolved in favor of the verdict.

The testimony reflects that appellant on several occasions told both complainants

---

1. Other than appellant's request for a reversal of the conviction and an order of acquittal, he has

not cited any cases in support of his arguments.

not to look at him. However S–1 testified that she looked at appellant when he shouted at her; and S–2 testified that soon after appellant entered their car, she turned to look at him. Furthermore, both complainants identified appellant as their assailant in court and identified him from his driver's license at the scene of the incident. The evidence is sufficient to find that appellant as affirmatively identified by the complainants.

▮ Ownership of the gun is not an element that the State must prove in a charge of aggravated kidnapping. *See* Tex. Penal Code Ann. sec. 20.04 (Vernon Supp.1990).

▮ The evidence presented here is sufficient to find appellant guilty as charged, although the State did not take fingerprints, blood, and semen samples. In *Kemple v. State,* 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.), the court in an aggravated kidnapping charge held that there was no requirement that the victim's testimony of penetration be corroborated by medical testimony or by other physical evidence. Furthermore, the victim's testimony that he was abused sexually was sufficient to show the defendant's intent. *Id.*

▮ In conclusion, the evidence established that appellant intentionally and knowingly abducted the complainants at gunpoint; that he threatened to kill them if they did not do as told; that he drove to a dark street with intent to commit sexual assault; and that they complied for fear of their lives. A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Appellant's first point of error is overruled.

In appellant's second point of error, he argues that the court erred in the punishment phase of the trial by prohibiting him from offering evidence of mitigating circumstances.

Appellant contends that the testimony of Lynwood Moreau, Harris County Sheriff's Department, as contained in a bill of exceptions, would have shown that appellant risked his safety while incarcerated to inform Moreau that narcotics were being brought into the detention center.

Admissibility of evidence at the punishment stage of the trial is governed by the Code of Criminal Procedure, which provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character....

Tex.Code Crim.P.Ann. art. 37.07, § 3(a) (Vernon Supp.1990).

The cases cited by appellant are distinguishable. In *Skipper v. South Carolina,* 476 U.S. 1, 8, 106 S.Ct. 1669, 1672, 90 L.Ed.2d 1 (1986), the Supreme Court held that the trial court's exclusion from the sentencing hearing, in a *capital case,* of the testimony of the jailer and the visitor denied the defendant his right to present relevant evidence in mitigation of punishment. Appellant's reliance on *Skipper* is misplaced because different rules govern the admissibility of evidence at sentencing in capital cases. Tex.Code Crim.P.Ann. art. 37.071 (Vernon Supp.1990). In *Sparkman v. State,* 580 S.W.2d 358, 360 (Tex. Crim.App.1979), the court held that if persons in a community have developed an opinion of a defendant's reputation, and a character witness has become aware of that reputation through his discussions, the testimony is relevant and admissible. The record does not indicate that Moreau was made aware of defendant's reputation through conversations with people in the community. To the contrary, Moreau stated that prior to the aggravated kidnapping incident, he had no opinion as to appellant's reputation or character.

▮ The State contends that factors arising after the offense should not be allowed into evidence. In *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App.1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981), the court held that facts admissible to mitigate punishment must have a common relationship to the circumstances of the offense itself, or to

the defendant himself, *before* or at the time of the offense; factors which arose *after* the offense and independently of defendant are not admissible to mitigate punishment. In *Allaben v. State*, 418 S.W.2d 517, 519 (Tex.Crim.App.1967), the court held that in addition to the statutory provisions in article 37.07, evidence "legally admissible" to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.[2] *See also Thomas v. State*, 638 S.W.2d 481, 482–84 (Tex.Crim. App.1982) (testimony of third persons that defendant had expressed contrition is not "legally admissible" evidence in mitigation when offered by the accused). Applying the rule announced in *Stiehl*, appellant could not introduce evidence of mitigating factors which arose after the offense and independently of appellant. Furthermore, the testimony of a third person that appellant risked his safety to make a drug case would not be "legally admissible" evidence for mitigation purposes. Thus, the trial court did not violate appellant's due process or equal protection rights when it prohibited appellant from placing into evidence mitigating circumstances.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** The facts in *Allaben* concerned evidence in support of an application for probation. The court in *Murphy v. State*, 777 S.W.2d 44, 47 (Tex.Crim.App.1988), held that the 1967 amendments to article 37.07 rendered *Allaben* of no precedential value on the narrow issue of admissibility of unadjudicated extraneous offenses solely to meet a defendant's application for probation.