**Cornelio CONTRERAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–01276–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 18, 2001.

David S. Barron, Bryan, for Appellant.

Bill R. Turner, District Attorney, Douglas Howell, III, Assistant District Attorney, Bryan, for State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

COHEN, Justice.

A jury convicted appellant of aggravated assault and assessed punishment at fifteen years in prison and a $10,000 fine. We affirm.

On July 11, 1999, appellant was searching for his wife, who was separated from him. When he found her in a vehicle with another man, appellant flagged her down and began assaulting her.

In his first issue, appellant contends the trial judge erred by overruling appellant's gender-based *Batson* challenge to the State's peremptory strike of venire member Roese. We follow the usual standard of review. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 140–41, 114 S.Ct. 1419, 1427–28, 128 L.Ed.2d 89 (1994); *Batson v. Kentucky*, 476 U.S. 79, 96–97, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986); *Kemp v. State*, 846 S.W.2d 289, 304 (Tex.Crim.App.1992).

During the *Batson* hearing, appellant asserted that the State improperly struck Roese on the basis that he was male. The State responded with the following gender-neutral explanations for the strike:

Prosecutor: I did not strike Mr. Roese because he was a man. I struck him because I thought he was very strange. I thought he was weird. He had a weird hairdo. He was a teacher. He talked about being a foster parent.

It had nothing to do with the fact he was a man. If he had been a woman, I would have struck him. It was some of the answers he gave and the way he acted. That's the reason I struck him.

Defense Counsel: Can you articulate for the record how he was weird?

Prosecutor: He had a 1970s hairdo. I thought that was a little strange. I just say that I did not strike him because he was a man.

Defense Counsel: Situation with the foster parents, do you recall he was a foster parent and shocked to see to [sic] the mother of the children show up heavily made-up and obviously beaten up? How can that be a reason for the State to strike him?

Prosecutor: I didn't strike him because he was a man, [defense counsel].

Defense Counsel: Just answer that question if you would, please. I mean, is that not a pro State's experience?

Prosecutor: Well, he also stated when he was in Mexico there was a woman who was offended because he took pictures. That might make him sympathetic towards the defendant, being in a foreign country and being accused or knowing there are different laws. But my reason for striking him had nothing to do with the fact that he was a man.

Defense Counsel: That's all I have on that one Judge.

The Court: Batson challenge denied.

■ Appellant's questions did not rebut the prosecutor's explanations. Thus, the trial judge could have determined that the reasons for striking Roese were facially plausible and gender neutral. *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995) (the "ultimate burden of persuasion regarding … motivation rests with, and never shifts from, the opponent of the strike."); *Ford v. State*, 1 S.W.3d 691, 693 (Tex.Crim.App. 1999) (quoting *Purkett*); *Satterwhite v. State*, 858 S.W.2d 412, 424 (Tex.Crim.App. 1993) (trial judge may accept prosecutor's neutral explanations at face value). We

hold the trial judge's ruling was not clearly erroneous.[1]

We overrule appellant's first issue.

■ In his second issue, appellant contends the trial judge erred at the trial's punishment phase by admitting the wife's testimony about the crime's impact on her because the State did not provide specific notice of intent to introduce that testimony, *i.e., notice of victim-impact testimony*. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp.2001).[2] Appellant contends that (1) the "Supplemental Clerk's Record No. 2" contains his request for specific notice of the State's evidence, which notice is required under section 3(g) of article 37.07, and (2) that statute applies to victim-impact testimony. *See Id.* Appellant further contends the introduction of his wife's testimony had a "substantial and injurious effect" on the jury's decision to assess punishment at fifteen years in prison, only five years less than the maximum punishment allowed. We follow the usual standard of review, abuse of discretion, for the admission of victim-impact evidence. *Mosley v. State*, 983 S.W.2d 249, 262 (Tex. Crim.App.1998).

The record does not contain a "Supplemental Clerk's Record No. 2" or appellant's request for notice. Thus, appellant has not shown that the State was required to *provide notice of its victim-impact testimony*. *See* Tex.Code Crim. Proc. Ann. art.

37.07, § 3(g). Accordingly, we need not reach the further issue of whether section 3(g) of article 37.07 applies to victim-impact testimony.

We overrule appellant's second issue.

■ In his third issue, appellant contends the trial judge erred by not admitting evidence at the trial's punishment phase that showed appellant's wife had become pregnant by another man after the offense occurred. Appellant contends this was mitigating evidence relevant to sentencing. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.2001) ("[E]vidence may be offered by the state and the defendant as to any matter the court deems *relevant to sentencing....*") (emphasis added); *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App.1999) ("[d]etermining what is relevant ... should be a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case."); *see also Mendiola v. State*, 21 S.W.3d 282, 284–85 (Tex.Crim. App.2000) (analyzing *Rogers*). Appellant contends the pregnancy was relevant because it would have shown that (1) appellant had acknowledged the relationship's end; (2) appellant was not a continuing threat to his wife because she was protected by her future husband; and (3) the wife could still be intimate and get pregnant

---

1. We also note that at least one female was struck by the State and the jury contained seven males, facts the judge could have considered in making his ruling.

2. Section 3(g) states as follows:
   On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.
   Tex.Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp.2001).

despite her injuries, *i.e.,* lessening the jury's sympathy for her. We follow the usual standard of review, abuse of discretion, for the admission of evidence. *Salazar v. State,* 38 S.W.3d 141, 153–54 (Tex. Crim.App.2001).

■ The trial judge did not abuse his discretion. He could have reasonably concluded that the evidence was irrelevant to show mitigation or, if relevant, was properly excluded under the rules of evidence. *See* Tex.R. Evid. 403. We do not agree, however, with the State's cases holding that mitigating evidence that arises after the offense is always inadmissible. *See Stiehl v. State,* 585 S.W.2d 716, 718 (Tex. Crim.App.1979); *Goudeau v. State,* 788 S.W.2d 431, 436 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The *Stiehl* case was decided before article 37.07 was amended to make admissible "any matter the court deems relevant to sentencing ...." Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a). As we stated in *Peters v. State,* 31 S.W.3d 704, 716–17 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd), that amendment broadened the scope of evidence admissible at the punishment stage, including evidence favorable to the defendant. The *Goudeau* case was decided after the amendment to article 37.07, but it cites only cases decided before the amendment. *Goudeau,* 788 S.W.2d at 435–36. In light of the amendment of 37.07, we conclude that a trial judge has discretion to admit "any matter ... relevant to sentencing," including evidence arising after the offense. Because *Stiehl* states unequivocally that such evidence should not be admitted in mitigation of punishment, we doubt that *Stiehl* is still good law in that respect.

We overrule appellant's third issue.

We affirm the judgment.