Opinion issued December 18, 2003











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01079-CR
____________
 
GUADALUPE GUERRERO FLORES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 29,443-F-272
 

 
 
O P I N I O N
          Appellant, Guadalupe Guerrero Flores, pleaded guilty to the third degree felony
offense of driving while intoxicated (DWI), and a jury assessed his punishment at six
years in prison. In two issues, appellant alleges that the trial court erred in the
punishment stage of trial (1) by admitting a prior aggravated assault conviction into
evidence and (2) by overruling appellant’s objection to what he contends was
improper closing argument. We affirm.
Factual Background
          At approximately 11:30 p.m. on January 5, 2000, Bryan Police Officer Paul
Mahoney saw appellant drive through a red light. Officer Mahoney turned on his
emergency lights and followed appellant’s car, which was traveling at a rate of only
15 mph in a 40 mph zone. Officer Mahoney followed appellant’s car for almost one-half of a mile before the car pulled into a parking lot and hit a parked car. Officer
Mahoney retrieved appellant’s driver’s license and discovered that it was “suspended
for DWI education program.” Appellant was arrested, and an intoxilyzer test
indicated that he had a blood alcohol content of .247, which was more than three
times the legal limit. 
          Appellant’s criminal history was introduced into evidence during the
punishment phase of trial. Appellant had four prior DWI convictions, a deferred
adjudication for aggravated assault, and was on probation for another DWI conviction
when he was arrested for this offense in January 2000. 
                                                 Extraneous Offense
          In his first issue, appellant argues that the trial court erred in admitting
evidence of his 1991 judgment and sentence for aggravated assault.
          A trial court has broad discretion in determining the admissibility of evidence
presented at the punishment phase of trial. Henderson v. State, 29 S.W.3d 616, 626
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). The code of criminal procedure
permits trial courts to admit evidence deemed relevant to sentencing, including
evidence of other crimes or bad acts. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (Vernon Supp. 2003).


 At the punishment hearing, relevant evidence is that
which assists the fact finder in determining the appropriate sentence given the
particular defendant in the circumstances presented. Rogers v. State, 991 S.W.2d
263, 265 (Tex. Crim. App. 1999). This language grants wide latitude in the
admission of evidence deemed relevant, including evidence arising after the offense. 
Contreras v. State, 59 S.W.3d 362, 365 (Tex. App.—Houston [1st Dist.] 2001, no
pet.); Peters v. State, 31 S.W.3d 704, 720 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d). Even relevant evidence, however, may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. 
As used in rule 403, “unfair prejudice” means the undue tendency of the evidence to
suggest a decision on an improper basis. See Rogers, 991 S.W.2d at 266. We will
not disturb a trial court’s determination regarding the admissibility of relevant
evidence unless an abuse of discretion has been shown. See Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996). 
          When the State attempted to introduce the order of deferred adjudication and
the stipulation of evidence from appellant’s aggravated assault offense, appellant
conceded that the exhibits were relevant, but he objected because “under Rule 403 the
probative value is substantially outweighed by the danger of unfair practice, [sic] and
that it is a crime of violence.” On appeal, appellant, relying on Theus v. State, 845
S.W.2d 874 (Tex. Crim. App. 1992), argues that Rule of Evidence 609 prevents the
admission of evidence of his aggravated assault. 
          The Texas Rules of Appellate Procedure require that, in order for an issue to
be preserved on appeal, there must be a timely objection which specifically stated the
legal basis for the objection. Tex. R. App. P. 33.1(a). It follows that an objection
stating one legal basis may not be used to support a different legal theory on appeal. 
Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Courts have
routinely held that, where a complaint on appeal does not comport with an objection
made at trial, the error is not preserved on the complaint. Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1998); Goff v. State, 931 S.W.2d 537, 551 (Tex.
Crim. App. 1996); Dunn v. State, 819 S.W.2d 510, 524-25 (Tex. Crim. App. 1991)
(discussing the importance of specific objections required under Rule 52, predecessor
to Rule 33.1). 
          Here, appellant presents a different basis for excluding the evidence on appeal
than was raised in the trial court. An objection raised on appeal will not be
considered if it varies from the objection made at trial. Coffey v. State, 796 S.W.2d
175, 179 (Tex. Crim. App. 1990). Therefore, we will not consider appellant’s rule
609 argument. 
          On appeal, appellant makes no attempt to establish that, under a rule 403
analysis, the trial court abused its discretion in allowing the introduction of the
aggravated assault in the punishment phase of trial because the probative value was
substantially outweighed by the prejudicial effect. 
          We overrule appellant’s first issue.
Improper Jury Argument
          In his second issue, appellant contends that the trial court erred in overruling
appellant’s objection to the prosecutor’s closing argument.
          During the prosecutor’s closing argument at the punishment phase, the
following exchange occurred:
State:Probation puts him right back out on the street. There is no
guarantee with SAFPF. It is discretionary. So he goes
home; back to that car that ought to have a guardian
interlock system, but doesn’t. Somebody could get hurt. 
That’s not the appropriate result in this case.
 
I want you to reach a verdict. I want you to take as long or
as little time as you need. I may be preaching to the choir. 
This may be a no-brainer. It appears to be a no-brainer to
me. Six DWI’s, you go to prison. And you go to prison
for as long as the law allows because that’s what it takes
for us to make sure that somebody isn’t hurt. 
 
That may be a no-brainer to you, too. I don’t know. But I
expect it’s also pretty hard [sic] get to the point where you
have to do this. But as I said, the right things are often the
hardest things to do.
 
You hold in your hands the community’s welfare. You
can make this a safer place. You can help us enforce the
laws, because if a six-time DWI doesn’t go to prison in
Brazos County, the next time somebody comes to my
office as a five-time, I can’t send him to prison.
 
Appellant:Judge, I’m going to object to that as an improper plea for
law enforcement, and it’s outside the record.
 
          State:           It is a plea for law enforcement.
 
Appellant:Judge, I didn’t – it doesn’t demand a response. That’s my
objection.
 
          Court:          Well, I’m going to ask for a response. State’s response?
 
State:It is a plea for law enforcement. It is a reasonable plea for
law enforcement.
 
          Court:          Overruled.
 
Appellant:And my other objection, it is outside of the record as to
what he personally believes.
 
State:Judge, it’s a reasonable inference from the record; it’s a
reasonable plea for – 

          Court:          Overruled. Let’s move on.

(Emphasis added.) Appellant contends that the prosecutor’s remarks as to how he,
personally, would handle future DWI offenses was improper. 
          Permissible jury argument falls within one of four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) pleas for law
enforcement; and (4) response to opposing counsel. Felder v. State, 848 S.W.2d 85,
94-95 (Tex. Crim. App. 1992). In Cerda v. State, 10 S.W.3d 748 (Tex.
App.—Corpus Christi 2000, no pet.), the court of appeals was faced with a similar
issue. In Cerda, the complained-of argument was, as follows: 
State:And I’ll tell you this. The one thing I will do; and
I promise is, I’ll listen to you. You are my voice. 
You’re my sounding board. You think drug dealers
ought to get probation, give it to her, and I’ll deal
accordingly. On the other hand, if you believe, as I
think this evidence shows, you should respond with
strong penitentiary time; and I will respond
accordingly. 
 
Defense:Judge, I object. I believe that’s way outside the
record, improper argument, telling this jury that he’s
going to start offering whatever they decide to give
in this case. And that’s totally outside the record
and way improper argument and I would ask for a
mistrial. 

Id. at 756. The trial court overruled the objection, and the court of appeals affirmed
the ruling and stated that “appellant contends the prosecutor threatened the jury with
the prospect that he would base all future punishment recommendations on their
verdict. Construing the argument in its entirety, however, it appears the prosecutor’s
argument was actually a plea for law enforcement, which is a proper topic for jury
argument.” Id. at 757. A proper plea for law enforcement may take many forms, one
of which is to argue the relationship between the jury’s verdict and the deterrence of
crime in general. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). 
          Here, we hold that the prosecutor’s argument amounts to a plea for law
enforcement and that the trial court did not err in overruling appellant’s objection. 
We overrule appellant’s second issue.
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Alcala, Hanks, and Hedges.




Publish. Tex. R. App. P. 47.2(b).