NUMBER 13-03-630-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
BOBBY WRAY LAMB,                                                                Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 176th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Garza
 
A jury convicted appellant, Bobby Wray Lamb, of sexual assault and sentenced him
to twenty-three years’ imprisonment. See Tex. Penal Code Ann. § 22.011 (Vernon Supp.
2004–05). Appellant now challenges his conviction by two issues: (1) the trial court erred
by excluding from evidence at the punishment phase of trial testimony that showed
appellant was in a psychiatric hospital at the time of his arrest; and (2) appellant’s trial
counsel rendered ineffective assistance of counsel. During oral argument, counsel for
appellant withdrew appellant’s second issue. Having reviewed the record and the
arguments and authorities presented by appellant, we conclude that the trial court did not
abuse its discretion by excluding the proffered evidence to show appellant was in a
psychiatric hospital at the time of his arrest. Accordingly, we overrule appellant’s sole issue
and affirm the judgment of the trial court.
I. Exclusion of Evidence at the Punishment Phase of Trial A trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion. Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); Ford v. State,
26 S.W.3d 669, 672 (Tex. App.—Corpus Christi 2000, no pet.). Under Section 3(a)(1) of
Article 37.07 of the Texas Code of Criminal Procedure, the State and the defendant may
offer evidence during the punishment phase of a trial as to:
any matter the court deems relevant to sentencing, including but not limited
to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and . . . any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.
 
Tex. Code Crim. Proc. art. 37.07 § 3(a)(1) (Vernon Supp. 2004–05); Mendiola v. State,
21 S.W.3d 282, 284 (Tex. Crim. App. 2000). In Rogers v. State, 991 S.W.2d 263, 265
(Tex. Crim. App. 1999), the court of criminal appeals explained that rule 401 was “helpful”
in determining what evidence is “relevant” under article 37.07 section 3(a)(1) but noted that
rule 401’s definition of “relevant” was not a “perfect fit” in the sentencing context. Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(a)(1); Tex. R. Evid. 401. As the court explained in
Miller-El v. State, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990):
admissibility of evidence at the punishment phase of a non-capital felony
offense is a function of policy rather than relevancy. This is so because by
and large there are no discreet factual issues at the punishment stage. 
There are simply no distinct “facts . . . of consequence” that proffered
evidence can be said to make more or less likely to exist. Rather, “deciding
what punishment to assess is a normative process, not intrinsically
factbound.”
 
(footnotes and citations omitted). Based on this reasoning, the Rogers court concluded,
“What is relevant . . . [is] a question of what is helpful to the jury in determining the
appropriate sentence for a particular defendant in a particular case.” Rogers, 991 S.W.2d
at 265. 
          Before the punishment phase of trial commenced, the following exchange occurred
between appellant’s trial counsel, the trial court, and counsel for the State:
          MR. GREENLEE [(Appellant’s trial counsel)]: Your honor, for the
purpose of the record, I’d talked with Mr. Thompson representing the State
with regard to a police officer E.B. Young. Officer Young’s name had been
mentioned during the course of the trial in chief, the guilt or innocence
phase, as the officer, as one of the officers who was involved in the arrest of
the defendant. I would like to call Officer Young for purposes of asking these
two [sic] questions: Officer Young, did you run or execute a warrant with
regard to Bobby Lamb? Yes, I did. And did that warrant come back to a
particular location for the defendant? It did. And where was that location? 
The Harris County Forensic Center.
          I think that during the punishment phase of the trial, your Honor,
information with regard to the background of the defendant is appropriate in
terms of allowing the jury or helping or aiding the jury in assessing and
imposing whatever punishment, similar to the jury has the right to know about
someone’s prior criminal history during the punishment phase. This would
give me an opportunity to present to the jury for its consideration that Mr.
Lamb may have some mental health issues which may in part give them an
idea, if they’re concerned about why he would, in fact, engage in the
conduct. I think it goes to the issue of knowing a little bit more about the
defendant, which is what is brought to a jury’s attention during the
punishment phase.
  
          THE COURT: And the State’s objection is?
 
          MR. THOMPSON: Is based on relevance. There would be no
testimony regarding Mr. Lamb’s mental capacity nor has the issue been
raised by a motion at this point. The location of the arrest has no relevance
to the proceedings, and we’d object. 
 
The trial court sustained the State’s objection, and appellant now claims that the ruling
amounted to reversible error.
          Appellant argues that his location at the time of his arrest (i.e., a psychiatric hospital)
was relevant in the punishment hearing because it would have established his state of
mind following the commission of the offense. According to appellant, the jury could have
inferred from his location that appellant was mentally ill, which might have led to a lesser
sentence. In addition, appellant argues that the trial court’s ruling foreclosed him from
presenting evidence that he was mentally impaired during and after the offense. 
          In response, the State contends that nothing in article 37.07 entitles a defendant to
introduce evidence of his or her post-offense mental condition during the punishment
phase of trial. The State also points out that appellant requested the admission of only the
“location of his arrest,” not evidence regarding his mental health. According to the State,
the location of appellant’s arrest would be unhelpful to the jury in assessing punishment
and would have been extremely misleading because it would have allowed the jury to
speculate as to appellant’s mental condition based solely on his location at the time of his
arrest.
          Neither appellant nor the State has provided this Court with any case law directly
addressing the issue of whether the location of a defendant’s arrest is admissible in a
punishment hearing to show that the defendant had an impaired mental state either during
or after the commission of an offense. Appellant cites Contreras v. State, 59 S.W.3d 362,
365 (Tex. App.—Houston [1st Dist.] 2001, no pet.) for the proposition that mitigating
evidence arising after the offense is not per se inadmissible. Although we do not disagree
with this statement of the law, we cannot conclude that the trial court abused its discretion
in this case. 
          Appellant’s mental state during and after the offense may have been relevant to the
jury’s determination of an appropriate punishment, but appellant’s location at the time of
his arrest and his mental state are not one and the same. Appellant could have offered
significantly more relevant testimony to establish a diminished mental capacity. For
instance, Dr. Steven Rubenzer, who certified appellant as competent to stand trial, might
have been called to testify to the “significant [mental] deficits” noted in his competency
evaluation of appellant. Appellant could have testified as to whether he had ever been
treated for drug addiction or mental illness. These possibilities could have led to the
introduction of evidence establishing appellant’s diminished mental state, and most
importantly, these possibilities were not foreclosed by the trial court’s ruling. The State’s
objection was merely to appellant’s place of arrest being introduced on its own, without
direct evidence of appellant’s mental condition. Given these considerations, we cannot
conclude that appellant was prohibited from introducing direct evidence of his mental
condition. Therefore, the error, if any, did not affect appellant’s substantial rights. See
Tex. R. App. P. 44.2(b). Appellant’s sole issue before this Court is overruled. 
 
III. Conclusion 
          Having overruled appellant’s sole issue on appeal, this Court affirms the judgment
of the trial court.  
 
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 3rd day of February, 2005.