AURICH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-412-CR

CLIFFORD AURICH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Clifford Aurich appeals from his conviction by a jury for the offense of aggravated assault of a public servant.  In his sole issue, appellant argues that the trial court erred by admitting into evidence during the punishment phase of the trial “pen packets” that contained judgments which did not comply with article 42.01 of the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.01 (Vernon Supp. 2004-05).  We affirm. 

Background Facts

Appellant was an inmate in the Tarrant County Corrections Center when he attacked two detention officers with a shank.  He was charged with one count of attempted capital murder and two counts of aggravated assault of a public servant.   
See
 
Tex. Penal Code Ann.
 §ྷ 19.03, 22.02 (Vernon Supp. 2004-05), ྷ 15.01 (Vernon 2003).  The State later waived the attempted capital murder count and proceeded on the aggravated assault counts with a habitual offender notice.  A jury found appellant guilty of aggravated assault of a public servant. 

At the punishment stage of the trial, the State called Officer Charles Davis Kaiser, who had taken a set of appellant’s fingerprints the day of the punishment hearing.  The State offered as State’s Exhibit 18 the fingerprints that Officer Kaiser took from appellant.  The State then offered three pen packets as evidence of appellant’s prior convictions.  Each pen packet contained (1) an affidavit from the Chairman of Classification and Records for the Texas Department of Criminal Justice certifying under the seal of the department that the attached records provided on appellant were true and correct copies of the original records on file in his office maintained in the regular course of business, (2) a picture of appellant, (3) a judgment signed by the presiding judge, and (4) a fingerprint card with appellant’s fingerprints. Appellant made the following objection:

Judge, we’re going to object to State’s Exhibits 15, 16 and 17 in that we believe that under Code of Criminal Procedure 42.01 sets out what a judgment must be, that Section 123 requires the judgment’s thumbprint be taken in accordance with 38.33 of this code.  38.33 code says that the Court shall order the Defendant who is convicted of a felony shall have a thumbprint rolled legibly on the judgment or the docket sheet in the case.

  

We believe that in order for that to be an appropriate judgment there would have to be a thumbprint rolled on the judgment of the docket sheet, and there is not a docket sheet in that, in either of these State’s exhibits, and there is no judgment showing a rolled imprint of the thumbprint on any of those judgments.  We believe that that would fail to allow it to be a self-authenticated  piece of evidence allowable under Rule 901 and 902.  

The trial court overruled appellant’s objection and admitted the pen packets into evidence.  The jury assessed appellant’s punishment at 80 years’ confinement on each count, the sentences to run concurrently. 

Issue 

Appellant argues in the first part of his issue that because his thumbprint was not on the judgments contained in the pen packets, the judgments were void.  We review the admission of evidence by the trial court for abuse of discretion.  
See Salazar v. State
, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001), 
cert. denied
,
 
534 U.S. 855 (2001); 
Contreras v. State
, 59 S.W.3d 362, 365 (Tex. App.སྭHouston [1st Dist.] 2001, no pet.).  According to article 42.01 of the code of criminal procedure, a judgment should reflect, among other things, the defendant’s thumbprint taken in accordance with article 38.33 of the code.  
Tex. Code Crim. Proc. Ann.
 art. 42.01, ྷ 1(23).  Article 38.33 provides that “[t]he court shall order that a defendant who is convicted of a felony or a misdemeanor offense that is punishable by confinement in jail have a thumbprint of the defendant’s right thumb rolled legibly on the judgment or the docket sheet in the case.”   
Id. 
art. 38.33, ྷ 1 (Vernon 2005).  

“[F]ailure to adhere to the requirements of article 42.01 does not render a conviction void, but merely voidable.  Such failures are subject to reformation on direct appeal but are not subject to collateral attack.”  
Porter v. State
, 757 S.W.2d 889, 891 (Tex. App.སྭBeaumont 1988, no pet.); 
see also
 
Sparkman v. State
, 55 S.W.3d 625, 629 (Tex. App.སྭTyler 2000, no pet.) (holding that absence of thumbprint on judgment does not render conviction void).  In the present case, to the extent the judgments in appellant’s pen packets did not comply with article 42.01, appellant’s convictions were not void, but merely voidable.  We overrule the first part of appellant’s issue.  

In the second part of his issue, appellant argues that even if the judgments are not void, the State did not show that appellant was the person named in the pen packets because the judgments were not certified and did not contain appellant’s thumbprint.  Rule 902 of the Texas Rules of Evidence provides that certain evidence is self-authenticating.  
Tex. R. Evid.
 902.  According to rule 902, domestic public documents under seal and certified copies of public records do not require extrinsic evidence of authenticity as a condition precedent to admissibility.  
Tex. R. Evid.
 902(1), (4). 

Here, each pen packet contained an affidavit by the Chairman of Classification and Records for the Texas Department of Criminal Justice-Operational Division in which he certified under the seal of the department that the information contained in the pen packet included true and correct copies of the original records on file in his office and maintained in the regular course of business.  Thus, we hold that the pen packets were sufficiently authenticated in accordance with rule 902 of the rules of evidence.  
Id
.; 
Reed v. State
, 811 S.W.2d 582, 584-86 (Tex. Crim. App. 1991) (op. on reh’g).      

Additionally, the State must show that the defendant is the same person named in the pen packet, which the State frequently does by presenting evidence that the fingerprints in the penitentiary packet are those of the defendant.  
See Beck v. State
, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986); 
Gill v. State
, 57 S.W.3d 540, 545-46 (Tex. App.སྭWaco 2001, no pet.).  In the present case, Officer Kaiser testified that the fingerprints on the fingerprint card in the pen packet and the fingerprints taken from appellant the day of the punishment hearing were made by the same person, the appellant.  We conclude that the State showed that appellant was the same person named in the pen packets, and therefore we overrule the second part of appellant’s issue. 

Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment.             

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.