COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-412-CR
 
  
CLIFFORD 
AURICH                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Appellant 
Clifford Aurich appeals from his conviction by a jury for the offense of 
aggravated assault of a public servant.  In his sole issue, appellant 
argues that the trial court erred by admitting into evidence during the 
punishment phase of the trial “pen packets” that contained judgments which 
did not comply with article 42.01 of the code of criminal procedure.  See 
Tex. Code Crim. Proc. Ann. art. 
42.01 (Vernon Supp. 2004-05).  We affirm.
Background Facts
        Appellant 
was an inmate in the Tarrant County Corrections Center when he attacked two 
detention officers with a shank.  He was charged with one count of 
attempted capital murder and two counts of aggravated assault of a public 
servant.  See Tex. Penal Code 
Ann. §§ 19.03, 22.02 (Vernon Supp. 2004-05), § 15.01 (Vernon 
2003).  The State later waived the attempted capital murder count and 
proceeded on the aggravated assault counts with a habitual offender 
notice.  A jury found appellant guilty of aggravated assault of a public 
servant.
        At 
the punishment stage of the trial, the State called Officer Charles Davis 
Kaiser, who had taken a set of appellant’s fingerprints the day of the 
punishment hearing.  The State offered as State’s Exhibit 18 the 
fingerprints that Officer Kaiser took from appellant.  The State then 
offered three pen packets as evidence of appellant’s prior convictions.  
Each pen packet contained (1) an affidavit from the Chairman of Classification 
and Records for the Texas Department of Criminal Justice certifying under the 
seal of the department that the attached records provided on appellant were true 
and correct copies of the original records on file in his office maintained in 
the regular course of business, (2) a picture of appellant, (3) a judgment 
signed by the presiding judge, and (4) a fingerprint card with appellant’s 
fingerprints.  Appellant made the following objection:
   
Judge, we’re going to object to State’s Exhibits 15, 16 and 17 in that we 
believe that under Code of Criminal Procedure 42.01 sets out what a judgment 
must be, that Section 123 requires the judgment’s thumbprint be taken in 
accordance with 38.33 of this code. 38.33 code says that the Court shall order 
the Defendant who is convicted of a felony shall have a thumbprint rolled 
legibly on the judgment or the docket sheet in the case.
  
We 
believe that in order for that to be an appropriate judgment there would have to 
be a thumbprint rolled on the judgment of the docket sheet, and there is not a 
docket sheet in that, in either of these State’s exhibits, and there is no 
judgment showing a rolled imprint of the thumbprint on any of those 
judgments.  We believe that that would fail to allow it to be a 
self-authenticated piece of evidence allowable under Rule 901 and 902.
 
The trial court overruled appellant’s objection and admitted the pen packets 
into evidence.  The jury assessed appellant’s punishment at 80 years’ 
confinement on each count, the sentences to run concurrently.
Issue
        Appellant 
argues in the first part of his issue that because his thumbprint was not on the 
judgments contained in the pen packets, the judgments were void.  We review 
the admission of evidence by the trial court for abuse of discretion.  See 
Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001), cert. 
denied, 534 U.S. 855 (2001); Contreras v. State, 59 S.W.3d 362, 365 
(Tex. App.—Houston [1st Dist.] 2001, no pet.).  According to article 
42.01 of the code of criminal procedure, a judgment should reflect, among other 
things, the defendant’s thumbprint taken in accordance with article 38.33 of 
the code.  Tex. Code Crim. Proc. 
Ann. art. 42.01, § 1(23).  Article 38.33 provides that “[t]he 
court shall order that a defendant who is convicted of a felony or a misdemeanor 
offense that is punishable by confinement in jail have a thumbprint of the 
defendant’s right thumb rolled legibly on the judgment or the docket sheet in 
the case.”  Id. art. 38.33, § 1 (Vernon 2005).
        “[F]ailure 
to adhere to the requirements of article 42.01 does not render a conviction 
void, but merely voidable. Such failures are subject to reformation on direct 
appeal but are not subject to collateral attack.”  Porter v. State, 
757 S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.); see also Sparkman 
v. State, 55 S.W.3d 625, 629 (Tex. App.—Tyler 2000, no pet.) (holding that 
absence of thumbprint on judgment does not render conviction void).  In the 
present case, to the extent the judgments in appellant’s pen packets did not 
comply with article 42.01, appellant’s convictions were not void, but merely 
voidable.  We overrule the first part of appellant’s issue.
        In 
the second part of his issue, appellant argues that even if the judgments are 
not void, the State did not show that appellant was the person named in the pen 
packets because the judgments were not certified and did not contain 
appellant’s thumbprint.  Rule 902 of the Texas Rules of Evidence provides 
that certain evidence is self-authenticating.  Tex. R. Evid. 902. According to rule 
902, domestic public documents under seal and certified copies of public records 
do not require extrinsic evidence of authenticity as a condition precedent to 
admissibility.  Tex. R. Evid. 
902(1), (4).
        Here, 
each pen packet contained an affidavit by the Chairman of Classification and 
Records for the Texas Department of Criminal Justice-Operational Division in 
which he certified under the seal of the department that the information 
contained in the pen packet included true and correct copies of the original 
records on file in his office and maintained in the regular course of 
business.  Thus, we hold that the pen packets were sufficiently 
authenticated in accordance with rule 902 of the rules of evidence.  Id.; 
Reed v. State, 811 S.W.2d 582, 584-86 (Tex. Crim. App. 1991) (op. on 
reh’g).
        Additionally, 
the State must show that the defendant is the same person named in the pen 
packet, which the State frequently does by presenting evidence that the 
fingerprints in the penitentiary packet are those of the defendant.  See 
Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986); Gill v. State, 
57 S.W.3d 540, 545-46 (Tex. App.—Waco 2001, no pet.).  In the present 
case, Officer Kaiser testified that the fingerprints on the fingerprint card in 
the pen packet and the fingerprints taken from appellant the day of the 
punishment hearing were made by the same person, the appellant.  We 
conclude that the State showed that appellant was the same person named in the 
pen packets, and therefore we overrule the second part of appellant’s issue.
Conclusion
        Having 
overruled appellant’s sole issue, we affirm the trial court’s judgment.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.