**Opinion filed September 30, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00262-CR

_____

## RUTH MIREYA JASSO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR47206**

## M E M O R A N D U M   O P I N I O N

Ruth Mireya Jasso entered an open plea of guilty to one count of intoxication manslaughter and two counts of aggravated assault with a deadly weapon. The jury assessed her punishment for each count at confinement for a term of eighteen years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. The trial court ordered the sentences to run concurrently. In her sole issue on appeal, Appellant asserts that she received ineffective assistance of counsel during the punishment phase. We affirm.

*Background Facts*

On September 13, 2015, Appellant failed to stop at a stop sign and collided with a vehicle traveling north. Laura Perez Bonilla, a passenger in the vehicle hit by Appellant, died as a result of the collision. Appellant's two children were in the vehicle with Appellant, and they sustained injuries. A test of Appellant's blood after the accident revealed a blood alcohol content of 0.176 grams of alcohol per 100 milliliters of blood.

During the punishment phase, the State presented evidence of three extraneous acts committed by Appellant after the collision: a bond violation, an arrest for criminal trespass, and an arrest for driving while intoxicated. Jennifer Levan, an employee of the Midland County Pretrial Services, testified that she supervised Appellant while Appellant was out on bond for the charged offenses. One of Appellant's bond conditions required her to wear a monitor to measure the alcohol in Appellant's bloodstream. In this regard, Appellant was supposed to refrain from consuming alcohol as a bond condition. Levan testified that she received a report that Appellant had tampered with her monitor. Johnny Upchurch, an employee with Recovery Healthcare Dallas, testified that Appellant tampered with her monitor and that alcohol could be detected, but not confirmed, during the tampering.

Additionally, former Midland Police Officer Leroy Granado testified that he arrested Appellant on two occasions after the collision. Officer Granado testified that he arrested Appellant for driving while intoxicated on June 24, 2016, and for criminal trespass of a habitation on July 7, 2016. Officer Granado testified that, when he arrested Appellant for criminal trespass, she was intoxicated and tried to flee out of a window.

*Analysis*

In her sole issue on appeal, Appellant contends that she received ineffective assistance of counsel. She contends that trial counsel was deficient because he failed to object to evidence of extraneous acts and failed to request a jury instruction limiting the jury's consideration of the extraneous offenses.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

We note at the outset that, while Appellant filed a motion for new trial, she did not assert in the motion that trial counsel was ineffective. Accordingly, trial counsel has not had an opportunity to explain or defend his trial strategy in response to the matters that Appellant contends were deficient. However, trial counsel made the following statement during closing argument that is indicative of his trial strategy:

> [Appellant] came to trial by pleading guilty and was ready to hear and accept the testimony that was said, and without denying any of it, you're to take into consideration everything that was heard from the witness stand in its entirety.
>
> There is no disrespecting any of the witnesses in regards to trying to challenge what they said or that they were wrong or anything like that. There is no disrespect in accepting what was the testimony in this case.

To show ineffective assistance of counsel for a failure to object at trial, an appellant must show that the trial court would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a non-capital trial. TEX. CODE CRIM. PROC. ANN art. 37.07 § 3(a)(1) (West Supp. 2018); *see Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006). Article 37.07, section 3(a)(1) provides as follows:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, *including but not limited to* the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a

4

reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. A court may consider as a factor in mitigating punishment the conduct of a defendant while participating in a program under Chapter 17 as a condition of release on bail. . . .

CRIM. PROC. art. 37.07, § 3(a)(1) (emphasis added).

A trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial. *See Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). "[T]he admissibility of evidence during 'the punishment phase of a non-capital trial is a function of policy rather than a question of logical relevance.'" *Ellison*, 201 S.W.3d at 719 (quoting *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002)). At the punishment hearing, relevant evidence is that which assists the factfinder in determining the appropriate sentence given the particular defendant in the circumstances presented. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). This language grants wide latitude in the admission of evidence deemed relevant, including evidence arising after the offense. *Contreras v. State*, 59 S.W.3d 362, 365 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Appellant asserts that evidence that she violated her bond conditions by tampering with her alcohol monitor and consuming alcohol prior to trial was inadmissible under the following sentence of Article 37.07, section 3(a)(1): "A court may consider as a factor in mitigating punishment the conduct of a defendant while participating in a program under Chapter 17 as a condition of release on bail." Appellant interprets this sentence as a limitation on the evidence of a defendant's compliance with bond conditions to the effect that only evidence favorable to the defendant may be admitted at punishment with respect to compliance with bond conditions. We disagree with this interpretation. This provision of the statute

expands the scope of admissible evidence at punishment. *See Muhammad v. State*, 46 S.W.3d 493, 505 (Tex. App.—El Paso 2001, no pet.). The matters listed in Article 37.07, section 3(a)(1) are "an inexhaustive list of evidence a party may offer [at punishment]." *Ellison*, 201 S.W.3d at 722. When a defendant seeks community supervision as Appellant did in this case, her suitability for community supervision is a matter relevant to sentencing that is admissible under the statute. *Id.* As noted in *Muhammad*, "[I]t [is] self-evident that the conduct of a defendant while free on bail is certainly relevant to the amenability of that same defendant to community supervision." 46 S.W.3d at 505. Accordingly, the provision upon which Appellant relies did not preclude evidence that she violated her bond conditions.

Appellant also contends that the evidence of tampering with the alcohol monitor, as well as evidence that Appellant consumed alcohol while on bond, was inadmissible because these were not criminal offenses. Appellant bases this contention on an interpretation of Article 37.07, section 3(a)(1) that only evidence of conduct that is criminal in nature is admissible under the statute. We disagree. The statute permits the admissibility of evidence of a "bad act," and "it is irrelevant whether the conduct the offering party is attempting to prove is, or can be characterized, as an offense under the Texas Penal Code." *Haley v. State*, 173 S.W.3d 510, 514–15 (Tex. Crim. App. 2005). Accordingly, objections by trial counsel to the evidence that Appellant tampered with the alcohol monitor and consumed alcohol while on bond would not have been well-founded if the objections were based on the contention that the evidence was not permitted by Article 37.07, section 3(a)(1).

Appellant additionally asserts that trial counsel failed to object to the evidence of her bond violations and the evidence of the criminal trespass on the basis that the State did not prove them beyond a reasonable doubt. Article 37.07, section 3(a)(1) requires evidence of extraneous offenses and bad acts to be established beyond a

reasonable doubt. *See Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Similarly, Appellant contends that trial counsel should have requested a jury instruction to this effect. The State acknowledges that Appellant would have been entitled to a reasonable-doubt instruction had it been requested. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

As we have noted, Appellant's trial counsel indicated during closing argument that Appellant was not contesting the allegations presented against her during punishment. Accordingly, trial counsel's strategy was for Appellant to "wholeheartedly accept[]" responsibility for all of the accusations in hopes of receiving less severe sentences from the jury. The matters that Appellant challenges on appeal contradict that trial strategy. There is a "strong presumption" that counsel's conduct was the result of sound trial strategy, falling within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. Trial counsel's performance was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392; *Garcia*, 57 S.W.3d at 440. In the absence of a further explanation from trial counsel of his strategy, we cannot conclude that his performance was deficient or that his trial strategy was unsound. *See id.* We overrule Appellant's sole issue.

### This Court's Ruling

We affirm the judgments of the trial court.

September 30, 2019

JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).

CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Stretcher, J., and Wright, S.C.J.[1]
(Willson, J., not participating)

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.