In the
Court of Criminal Appeals of Texas

Cause Nos. 14-14-00521-CR & 14-14-00522-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

Cause Nos. 1377493 & 1377494
In the 209th District Court
Of Harris County, Texas

GARY ISHMAEL BOLIN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

PETITION FOR DISCRETIONARY REVIEW

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800

## IDENTITY OF PARTIES AND COUNSEL

Appellant: Gary Ishmael Bolin

Counsel for Appellant at Trial:

> Mr. Scott Pope, Texas Bar No. 24032959
> Mr. Jules Johnson, Texas Bar No. 24041199
> Public Defender's Office
> 1201 Franklin, 13th Floor
> Houston, Texas 77002
> 713-368-0016

Counsel for Appellant on Appeal:

> Casey Garrett
> 1214 Heights Boulevard
> Houston, Texas 77008
> Texas Bar No. 00787197
> 713-228-3800

Counsel for the State at Trial:

> Allison Buese
> Assistant District Attorney
> Texas Bar No. 24061990
> 1201 Franklin Street, Suite 600
> Houston, Texas 77002
> 713-755-6881

Counsel for the State on Appeal:

> Harris County District Attorney's Office
> Appellate Division
> 1201 Franklin, Suite 600
> Houston, Texas 77002
> (713) 755-5800

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................................. 2

TABLE OF CONTENTS ........................................................... 3

INDEX OF AUTHORITIES ........................................................ 4

STATEMENT REGARDING ORAL ARGUMENT ................................ 5

STATEMENT OF THE CASE .................................................... 5

STATEMENT OF PROCEDURAL HISTORY ......................................... 5

QUESTION PRESENTED FOR REVIEW ...................................... 6

REASONS FOR REVIEW ....................................................... 6

PRAYER ....................................................................... 8

CERTIFICATE OF SERVICE..................................................... 9

## INDEX OF AUTHORITIES

**Cases**

***Espinosa v. State***, 194 S.W.3d 703, 711 (Tex. App.—Houston [14[th] Dist.] 2006, no pet.) ....................................................................................... 8

***Miller-El v. State***, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990) ................. 8

***Lane v. State***, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991) ............................ 7

***Washington v. State***, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) ....... 7

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Bolin does not request oral argument.

## STATEMENT OF THE CASE

Mr. Bolin was charged by indictment in two separate cases with the felony offenses of aggravated assault, one involving serious bodily injury and one involving imminent fear of bodily injury or death. Both indictments included a charge on using a exhibiting a deadly weapon, namely, a firearm (C.R. 15). Mr. Bolin pled guilty without an agreed recommendation (C.R. 129). Following a hearing in front of the judge, the court assessed punishment at twenty years confinement in the institutional division of the Texas Department of Criminal Justice (C.R.137).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals filed a memorandum opinion affirming the conviction on March 19, 2015. No motion for rehearing was filed. Pursuant to Rule 68.2 of the Texas Rules of Appellate Procedure, this Petition for Discretionary Review should be filed thirty days after the day the court of appeals filed its opinion. An extension of time has been filed with this petition.

## QUESTION PRESENTED FOR REVIEW

If the trial court improperly admits evidence of victim imact at a hearing before the court has entered a finding of guilt, should the court of appeals remand for a new trial?

## REASONS FOR REVIEW

The decision of the court of appeals conflicts with applicable decisions of the Court of Criminal Appeals.

## APPELLANT'S QUESTION FOR REVIEW

If the trial court improperly admits evidence of victim imact at a hearing before the court has entered a finding of guilt, should the court of appeals remand for a new trial?

The record includes an apparent waiver of Mr. Bolin's right to appeal. However, the court accepted Mr. Bolin's plea and waiver prior to his finding of guilt, before sentencing, and without an agreement on punishment (C.R. 131). When a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012).

Outside the context of homicide cases, victim-impact testimony is generally defined as evidence regarding the physical or psychological effects of a crime on victims themselves. *See Lane v. State*, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991).

Victim-impact evidence may include physical, psychological, or economic effects of crime on a victim or a victim's family. *Espinosa v. State*, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Although it may be admissible curing the punishment stage, such evidence is generally inadmissible during the guilt phase because it does not have the tendency to make more or less probable the existence of any fact of consequence with respect to guilt. *See Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990).

Both Pamela Ward and Marshall Ward, the wife and son of the complainant in this case, testified at length prior to a finding of guilt about the impact of Mr. Bolin's actions on them and their families. (R.R.2 – 50-95). Marshall Ward was not even present on the day of the event (R.R.2 – 92), yet the prosecutor asked him specifically how the events affected him. Even the judge considered the testimony inadmissible, remarking, "we are talking about reversible error and I think the last thing in the world your family wants is to do this thing all over again (R.R.2 – 92-93). The prosecutor disregarded the court's comments, asking the next witness, Kyle Ward, "how has the defendant's actions affected you?" (R.R.2 – 97). The witness responded, "they have affected me emotionally and physically. I was very angry, but I knew I couldn't let my anger get the better of me." (R.R.2 – 97).

Despite the fact that the judge knew the victim-impact evidence was inadmissible and should not have been considered, he was clearly affected by this testimony. During sentencing, after making a finding of guilt, he told the

7

prosecutor not to bother discussing deferred adjudication probation and later, during sentencing, remarked "we are lucky Mr. Ward is with us today."

The court of appeals affirmed Mr. Bolin's conviction because Mr. Bolin did not have a bifurcated trial. This statement ignores Mr. Bolin's rights to a finding of a guilt separate from a punishment decision under the Penal Code and the Code of Criminal Procedure.

## PRAYER

Appellant respectfully prays this Honorable Court to grant his petition for discretionary review.

Respectfully submitted,

/s/ Casey Garrett

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

8

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent through the e-file system to the following party:

Harris County District Attorney's Office
Appellate Division
1201 Franklin, Suite 600
Houston, Texas 77002

/s/ Casey Garrettt

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800

Cause Nos. 14-14-00521-CR & 14-14-00522-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

GARY ISHMAEL BOLIN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

CERTIFICATE OF COMPLIANCE

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

This is the certify that the Petition for Discretionary Review filed in the above-numbered cause has 1,065 words in compliance with Rule 9 of the Texas Rules of Appellate Procedure.

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800