ACCEPTED
06-15-00216-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/30/2016 2:26:09 PM
DEBBIE AUTREY
CLERK

# No. 06-15-00216-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/30/2016 2:26:09 PM
DEBBIE AUTREY
Clerk

## In the
## Sixth Court of Appeals
## At Texarkana

Lorenzo Martinez v. The State of Texas

Original Proceeding from the 102nd District Court,
The Honorable Bobby Lockhart, Presiding

## APPELLANT'S REPLY BRIEF ON THE MERITS

| | |
|---|---|
| Name | Jonathan Smolarz |
| Address | 602 Pine Street |
| | Texarkana, TX 75501 |
| Telephone No. | (903) 277-9213 |
| Facsimile No. | (903) 496-0354 |
| Email Address | jrsmolarz@gmail.com |

Attorney for Appellant for Appeal Only

**ORAL ARGUMENT IS NOT REQUESTED**

## TABLE OF CONTENTS

Page

I.      INDEX OF AUTHORITIES ................................................................................ iii

II.     ARGUMENT.................................................................................................... 1

        A.      The Trial Court Erred By Allowing Testimony From A Victim Not
                Named In The Indictment. ................................................................. 1

                1.      In General ................................................................................ 1

                2.      The Opinion in *Cantu v. State* Specifically
                        Does Not Allow Victim Impact Testimony
                        From Other Potential Victims. ................................................ 2

                3.      The State Mis-Applies *Espinosa v. State*. .............................. 5

                4.      Other Relevant Caselaw. ......................................................... 7

        B.      The Erroneously Admitted Testimony Affected Defendant's Substantial
                Rights and Was Not Harmless Error. ................................................. 8

III.    PRAYER.......................................................................................................... 10

IV.     CERTIFICATE OF SERVICE.......................................................................... 12

# I. INDEX OF AUTHORITIES

**Cases**

*Espinosa v. State,* 194 S.W.3d 703 (Tex. App. –Houston [14th Dist.] 2006, no pet.)...................................................................1, 2, 8

*Ford v. State*, 919 S.W.2d 107 (Tex. Crim.App.1996) ........................................... 8

*Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) .......................................9, 10

*Miller-El v. State*, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990).................................................................................................... 6

*Moreno v. State,* 38 S.W.3d 774, 777 (Tex. App.—Houston [14th Dist.] 2001, no pet. h.)(plurality opinion)................................................. 1

*Richardson v. State*, 83 S.W.3d 332, 360–61 (Tex. App.-Corpus Christi 2002, pet. ref'd)........................................................... 7, 8

*Sanders v. State*, 25 S.W.3d 854, 857 (Tex.App.-Houston [14th Dist.] 2000), pet. dism'd, improvidently granted, 56 S.W.3d 52 (Tex.Crim. App.2001) ....................................................... 6

**Statutes**

Tex. Code Crim. Proc. art. 37.07, § 3(a) .......................................................... 1, 6

Tex. R. App. Proc. 44.2(a)............................................................................... 9

Tex. R. App. Proc. 44.2(b).............................................................................. 9

## II.     ARGUMENT

### A.     The Trial Court Erred By Allowing Testimony From A Victim Not Named In The Indictment.

#### 1.     In General

The State's interpretation of caselaw on victim-impact testimony at the punishment phase would lead to absurd effects and harm Defendant's due process rights.

It is true that the trial court at punishment phase can admit any evidence presented by the State it deems, in its discretion, relevant to sentencing.[1] However, this is not an untethered right. "Victim impact evidence is designed to remind the jury of the foreseeable consequences the crime has on the community and the <u>victim's family</u> and <u>friends</u>."[2] The wording here is important because *Moreno v. State*, and its progeny, does not use the phrase – "other victims".

Actually, *Cantu v. State*, *infra*, specifically precludes this interpretation, which protects a Defendant's due process of a fair punishment hearing. "The danger of unfair prejudice to a defendant inherent in the introduction of "victim impact" evidence with respect to a <u>victim not named in the indictment on which he is being tried</u> is unacceptably high."[3] Victim-impact testimony is only allowed for those not named in the indictment – even victim impact testimony can be limited if the

---

[1] *See* Tex. Code Crim. Proc. art. 37.07, § 3(a); *Moreno v. State,* 38 S.W.3d 774, 777 (Tex. App.—Houston [14th Dist.] 2001, no pet. h.)(plurality opinion).
[2] *Espinosa v. State*, 194 S.W.3d 703 (Tex. App. –Houston [14th Dist.] 2006, no pet.) (emphasis added).
[3] *Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997)(emphasis added).

evidence has some bearing on "defendant's personal responsibility or moral culpability."[4] The State wants to interpret this standard cited in *Espinosa v. State* as a conduit to allow additional victim impact testimony. However, the context clearly shows that defendant's personal responsibility or moral culpability is a limiting factor-i.e. the testimony must meet this standard (after it is deemed proper victim impact testimony) or the testimony is not allowed.

## 2. The Opinion in *Cantu v. State* Specifically Does Not Allow Victim Impact Testimony From Other Potential Victims.

The State relies heavily on *Espinosa v. State*, but the facts are fundamentally different than the case at issue. The facts and reasoning in *Cantu v. State* are more analogous here.

In *Cantu v. State*, a jury convicted Defendant of capital murder of Ertman, a female. However, another girl, [Daughter] Pena, was murdered by the same group of people at the same time and place as Ertman. The State did not name [Daughter] Pena in the indictment-only Ertman. At the punishment hearing, Mother Pena testified to, among many other things, how the death of her daughter affected the other members of [Daughter] Pena's family. Mother Pena (or [Daughter Pena's] family) was not present during the murders of [Daughter] Pena and Ertman, and, therefore, was not a potential victim. Mother Pena and [Daughter] Pena's family were not named in the indictment. The court held that testimony of Mother Pena regarding

---

[4] *Espinosa v. State*, 194 S.W.3d 703 (Tex. App., 2006).

"[(Daughter) Pena's] good character, activities she enjoyed and the impact of her on her family" was irrelevant because "appellant was not on trial for her murder [and] … [Daughter] Pena … is not the 'victim' for whose death appellant has been indicted …"[5]

The court uses the same law cited by the State-the trial court cannot allow victim impact testimony regarding a (1) victim (2) not named in the indictment (3) on which he is being tried.[6] [Daughter] Pena was obviously a victim (assuming facts are true) because she was murdered during the same occurrence as Ertman. Mother Pena was not present during the crime stated in the indictment and was not a potential victim. Therefore, any testimony from non-victim Mother Pena about potential victim [Daughter] Pena cannot be about "[(Daughter) Pena's] good character, activities she enjoyed and the impact of her on her family". Here, Connie, Michael Robinson, Caitlyn Robinson, and Devin [Unknown Last Name] were all present and potential victims. Pursuant to the plain language of the law, the trial judge cannot allow victim impact testimony regarding Michael Robinson, Caitlyn Robinson, and Devin [Unknown Last Name]. Connie might have been able to state the actions others took from her observations, but she could not on the effect of the offenses stated in the indictment on other victims present. Any deviation into such testimony is irrelevant

---

[5] *Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997) (emphasis added).
[6] *Id.*("The danger of unfair prejudice to a defendant inherent in the introduction of "victim impact" evidence with respect to a victim not named in the indictment on which he is being tried is unacceptably high)(emphasis added).

and unfairly prejudicial. Mother Pena might be able to testify to circumstances of the offense (if Mother Pena had any relevant testimony), and the court might even allow the "evidence concerning [Daughter Pena's] sexual assault, robbery and murder" because the evidence is "admissible as same transaction contextual evidence."[7]

The *Cantu* court does not leave any wiggle room and uses harsh and definitive language-risks of unfair prejudice is unacceptably high, irrelevant, and such evidence serves no purpose other than to inflame the jury.[8] Therefore, admitting <u>any</u> such testimony can lead to substantially harming the constitutional rights of the Defendant.

The admission of this type of testimony would lead to absurd results such as leading to unfair punishment hearing.

> The admission of such evidence would open the door to admission of victim impact evidence arising from any extraneous offense committed by a defendant. Extraneous victim impact evidence, if anything, is more prejudicial than the non-extraneous victim impact evidence found by this Court to be inadmissible in *Smith*, supra.[9]

The Court in *Cantu v. State* refers to "the context of the special issues under Art. 37.071".[10] Courts in non-capital cases have recognized that any improper victim impact testimony from a potential victim not named in the indictment risks an unfair punishment hearing.[11] Caselaw has explicitly extended the reasoning from capital cases

---

[7] *Id.*(emphasis added).
[8] *Id.*
[9] *Id.*(emphasis added)(citations omitted).
[10] *Id.*
[11] *Id.* at 711(emphasis added).

to non-capital cases.[12] Therefore, the reasoning stated here applies in the non-capital case at issue here.

### 3.    The State Mis-Applies *Espinosa v. State.*

The State mis-applies the facts and law in *Espinosa v. State.* The wife of the Officer was not a potential victim, which is a fundamentally different fact scenario than in *Espinosa v. State.* Therefore, *Espinosa v. State* cannot be interpreted to allow the victim impact testimony at issue here.

In *Espinosa v. State*, two police officers and the Defendant exchanged gun fire in a public area. A witness, Ms. Bowden, was in her car "three car lengths away from the shooting".[13] The State did not name Ms. Bowen in the indictment, but the State (most likely) did name the Officer in the indictment.[14]

As for the first witness, Ms. Bowden, the State asks her what she saw during and immediately after the shooting, why she moved to the floor of her car, and why she was scared during the shooting. Defendant objected. The court overruled the objection but admonished the State to not elicit victim impact testimony-the trial court "told the prosecutor he could not ask how the event made [Ms. Bowden] feel or whether it caused her trauma in the future."[15]

---

[12] *Salazar v. State*, 90 S.W.3d 330 (Tex.Crim.App.2002)(footnote 5)(" … its logic applies equally to non-capital cases).

[13] *Id. at 711.*

[14] Appellant recognizes that the opinion does not specifically state whether the (1) Officer or (2) the Officer's wife were named in the indictment, but Appellant believes that the context makes it probable.

[15] *Id. at 711.*

This testimony solely described her "personal observances."[16] The court held that such testimony did not amount to victim-impact testimony and was admissible.

It would have been improper victim impact evidence if Ms. Bowden testified to how any potential injury to Ms. Bowden affected others-or the foreseeable consequences of other victims or non-victims family members. Here, Connie was a victim named in the indictment. Michael Robinson, Caitlin Robinson, and Devin [Unknown Last Name] were present, but the State did not name them in the indictment.

In other words, Ms. Bowden testified to the circumstances of the offense as to what she observed and heard at the time of the shooting and how she felt at the time of the crime-not the foreseeable consequences of the crime (1) on herself, (2) a potential victim not named in the indictment, (3) other family members, or (4) the community.[17]

Secondly, the State mainly cites *Espinosa v. State* mainly for this following Officer's testimony. The Officer, who was named in the indictment, testified to the foreseeable consequences of his injury on his wife (who was not named in the indictment). The Officer testified about "his wife's fear for her husband's life while

---

[16] *Id. at 711*; Tex. Code Crim. Proc. Art. 37.07 § 3(a); *Miller-El v. State*, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990); *Sanders v. State*, 25 S.W.3d 854, 857 (Tex.App.-Houston [14th Dist.] 2000), pet. dism'd, improvidently granted, 56 S.W.3d 52 (Tex.Crim. App.2001).
[17] *Id. at 711.*

working as a police officer".[18] The court held that this testimony was proper victim impact testimony.

The State proclaims that "although the wife was not named as the victim in the indictment, it was held that the trial court did not abuse its discretion in admitting this testimony from the officer."[19] This interpretation is in direct contravention to the law the court cites in the case. The court does not indicate that the court was overturning the law. Therefore, the court's opinion must be in line with the law cited, which is "victim not named in the indictment on which he is being tried".[20]

Here, Connie's testimony refers to the other potential victims. This testimony allowed the State to usurp its constitutional and statutory burdens, which unfairly prejudiced the Defendant's due process rights of a fair punishment hearing. The Defendant pleaded guilty to a crime against one victim – the one stated in the indictment.

### 4.      Other Relevant Caselaw.

The State also cites *Salazar v. State* and *Richardson v. State*.[21] In *Salazar v. State*, the court heard testimony from the victim's parents in the murder trial. This is testimony from a relative of a victim, and the relative was not a victim themselves. The court analyzed the prejudicial effect of a video montage of the victim at issue, which is

---

[18] *Id. at 711.* .
[19] Appellee's Brief at Page 8.
[20] *Id.*(Tex. Crim. App. 1997)(emphasis added)
[21] *Salazar v. State*, 90 S.W.3d 330 (Tex.Crim.App.2002); *Richardson v. State*, 83 S.W.3d 332, 360–61 (Tex. App.-Corpus Christi 2002, pet. ref'd).

different than the case at issue here. In *Richardson v. State*, again, the children were not present when the murder occurred and were not victims of any potential crime. This court specifically states that *Cantu v. State* is "distinguishable and not inconsistent with this opinion". In any event, the court held the testimony of the doctor regarding the children (non-victims) was admissible.[22]

In *Ford v. State*, the jury at the punishment hearing heard testimony whether to give a death sentence. Four people were present during the murder and therefore, potential victims: Myra Concepcion (Mother), Armando, Myra, and Lisa.[23] Armando died from a gunshot. The Defendant was indicted for the offenses for all four victims, which is a different scenario than presented here. All of the victims may have introduced, in the discretion of the trial judge, "relevant victim impact evidence [that included] the physical, psychological, or economic effects of a crime on the victim or the victim's family."[24] The court held the testimony was proper.

**B.    The Erroneously Admitted Testimony Affected Defendant's Substantial Rights and Was Not Harmless Error.**

"If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that

---

[22] *Richardson v. State*, 83 S.W.3d 332, 361 (Tex. App.-Corpus Christi 2002, pet. ref'd).
[23] *Ford v. State*, 919 S.W.2d 107 (Tex. Crim.App.1996).
[24] *Espinosa v. State*, 194 S.W.3d 703 (Tex. App., 2006).

the error did not contribute to the conviction or punishment."[25] "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."[26] "[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."[27]

The State points to the testimony of one other potential victim, Savannah, who was not listed in the indictment. Even assuming for the sake of argument that the trial court admitted the same or similar evidence without objection through a different witness, Savannah's testimony does not refer to all the victims. Savannah testifies solely about herself and not about Michael Robinson, Caitlin Robinson, and Devin [Unknown Last Name]-other potential victims not named in the indictment. Connie's erroneously admitted victim impact statement refers to the entire family. Therefore, there is no same or similar testimony regarding all of the potential victims present, and the testimony does not fall under *Leday v. State* regarding Michael Robinson, Caitlin Robinson, and Devin [Unknown Last Name].

Also, in *Cantu v. State*, the court found the testimony to be improper but ultimately harmless because the State did not emphasize Mother Pena's victim impact testimony. Here, the State emphasized it – as discussed at length in Appellant's Original Brief.

---

[25] Tex. R. App. Proc. 44.2(a).
[26] Tex. R. App. Proc. 44.2(b).
[27] *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

In any event, *Leday v. State*[28], which the State relies on, states it is not clear whether caselaw has decided whether any alleged "missed objection" is a waiver or harmless error. It is Appellant's contention that such is a waiver. The State must address all sections, and Tex. R. App. Proc. 44.2(b) requires that the State must prove any alleged "missed objection" is harmless. Therefore, the State waived its argument for harmless error since the State relies on irrelevant caselaw.

The courts use harsh and definitive language to describe the egregious harm this type of testimony can have. The courts use the following phrases-risk of unfair prejudice is unacceptably high, irrelevant, and such evidence serves no purpose other than to inflame the jury. Therefore, Appellant further contends that any testimony, regardless of any alleged same or similar testimony, that the admission of the testimony is so harmful than any other same or similar testimony cannot cure the error. As such, there should be an exception to *Leday v. State* where such recognized egregious harm to a Defendant's substantial rights that no other same or similar testimony can cure such an egregious error.

Therefore, the error caused harm to Appellant's substantial rights.

### III.   PRAYER

It is for the reasons stated herein that Appellant requests this Court, based upon the errors committed by the trial court that unfairly prejudiced the Defendant

---

[28] Id. at 717.

and deprived him of a fair trial, to reverse his conviction, and order Appellant be granted a new trial.

Respectfully submitted,

By:    /s/ Randle Smolarz
       Randle Smolarz
       Texas Bar No. 24081154
       602 Pine Street
       Texarkana, Texas 75501
       (903) 277-9213
       (903) 496-0354 *facsimile*
       jrsmolarz@gmail.com

       *Attorney for Appellant*
       *Lorenzo Martinez*

## IV.    CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure I certify that a copy of this Appellant's Reply Brief was served on Respondent State of Texas through counsel of record, Kelley Crisp and Lauren Richards by acceptable methods under the Texas Rules of Civil Procedure.

/s/ Randle Smolarz
Randle Smolarz
Texas Bar No. 24081154
602 Pine Street
Texarkana, Texas 75501
(903) 277-9213
(903) 496-0354 *facsimile*
jrsmolarz@gmail.com

## V.    CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Appellant's Reply Brief on the Merits contains 2,206 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Randle Smolarz
Randle Smolarz
Texas Bar No. 24081154
602 Pine Street
Texarkana, Texas 75501
(903) 277-9213
(903) 496-0354 *facsimile*
jrsmolarz@gmail.com