**AFFIRM; and Opinion Filed August 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00176-CR

### DERRYCK JEROD JAMES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F13-55636-N

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Richter

A jury convicted Derryck Jerod James of aggravated robbery and assessed punishment at 30 years confinement in the Texas Department of Criminal Justice, Institutional Division. In two issues, appellant contends the trial court erred by overruling his objection to victim impact evidence during the guilt/innocence phase of trial and by failing to give an accomplice witness instruction to the jury. We affirm the trial court's judgment.

## BACKGROUND

Seventy-seven-year-old Jeany Turner was robbed at gunpoint as she returned home on the evening of April 28, 2013. According to Turner, she had gotten out of her car when a man with a gun walked around the corner of her carport, pointed the gun at her, and demanded her

---

[1] The Hon. Martin Richter, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

purse. When she screamed, another person standing behind her hit her in the head. The man with the gun then grabbed her purse which had, among other things, several credit cards and her cell phone. After the man ran off, Turner went inside her house and called the police.

When the police arrived, she described the man with the gun but was unable to identify the other assailant. She did not view a photo lineup. Turner testified that because of the robbery, her children worried about her living alone. As a result, she sold her home and moved in with her daughter.

Police detective Cayce Shelton testified he met Turner who gave him the details of the offense. Shortly thereafter, Marcus Davis was arrested after pawning property that had been purchased with Turner's credit cards. Davis implicated appellant in the robbery. Police also questioned a second man, Jeremy Warren, who appeared on a store video with Davis using Turner's credit cards. Shelton testified that Warren's account of what happened matched Davis's account.

Police then located appellant and questioned him. According to Shelton, appellant initially denied any knowledge of the credit cards or where they came from. As the interview continued, appellant's version of what happened changed. Appellant eventually admitted driving "Gucci" and "L" to Turner's neighborhood, dropping them off, and picking them up after they took Turner's purse. He said he might have seen a gun and admitted the two men who committed the robbery gave him Turner's credit cards for his role as driver. A videotape of appellant's interview with Shelton was admitted into evidence and portions were played for the jury. Shelton concluded that appellant participated in the offense by providing transportation to and from the robbery and obtained proceeds from the offense.

Marcus Davis testified for the State. On the night of the robbery, Davis was at his sister's house when appellant stopped by and gave him Turner's credit cards. Appellant told Davis that

he and "some dudes" had taken the credit cards in a robbery. Appellant also told Davis he was the lookout, and although he did not actually rob Turner, he heard her scream. According to appellant, one of the men used a gun. Davis told appellant that he was going to take the cards and "bust them down," meaning to incur charges on them.

When Warren arrived, the three men drove to Walmart, CVS, Walgreens, and Target to make purchases with Turner's credit cards. The State admitted into evidence a Walmart surveillance video.[2] Davis admitted the video showed appellant parking the car, and he and Warren getting out to enter the store. The video then shows Davis and Warren leaving Walmart and getting in the car with the items they purchased with the stolen credit cards. Davis testified he was later arrested and charged with credit card abuse. After hearing this and other evidence, the jury convicted appellant of aggravated robbery with a deadly weapon.

## ADMISSIBILITY OF EVIDENCE

In his first issue, appellant contends the trial court erred in admitting, over his objections, the following testimony from the complainant that should have been reserved for the punishment phase of the trial:

| [The State]: | Can you please tell the jury about some [of] the changes you've had to make since this offense on April 28th. |
| [Complainant]: | Well – |
| [Counsel]: | Objection, Your Honor; relevancy |
| [Trial Court]: | Overruled. |
| [Complainant]: | I had to put my place up for sale. My children didn't want me living there anymore. And so then we went into the process with my son's help to get a realtor to put it up for sale. And after it was sold in October, I moved out. |

---

[2] The copy of the videotape filed with the reporter's record is corrupted and not playable. Because appellant did not challenge the sufficiency of the evidence, the Davis's testimony as well as that of Detective Shelton provides sufficient narration of the contents of the video for our purposes.

–3–

| | |
|---|---|
| [Counsel]: | Objection, Your Honor; hearsay. |
| [Trial Court]: | Rephrase the question. |
| [The State]: | [Complainant], where are you living now? |
| [Complainant]: | With my daughter. |
| [The State]: | So you're no longer out living on your own as you had been for several years, correct? |
| [Complainant]: | Correct. |
| [The State]: | And this is a result of this aggravated robbery, correct? |
| [Complainant]: | Yes. |

Appellant characterizes this testimony as punishment evidence that was irrelevant and improperly presented at the guilt/innocence phase of the trial, and he asserts the trial court erred in overruling his objection. The State responds that the testimony is relevant because the fear that motivated the complainant's life changes helps prove the fact that a deadly weapon was used in the robbery.

We generally review the trial court's admission of evidence under an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion. *Id.*

The complainant's statements are very similar to the category of victim-impact testimony. *See Lane v. State*, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991) (outside the context of homicide cases, victim-impact testimony is generally defined as evidence regarding physical or psychological effect of crime on victims themselves); *Espinosa v. State*, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (victim-impact evidence may include physical, psychological, or economic effects of crime on victim or victim's family). Although victim-impact testimony may be admissible during the punishment stage, such evidence is generally

–4–

inadmissible during the guilt/innocence phase because it does not have the tendency to make more or less probable the existence of any fact of consequence with respect to guilt or innocence. *See Miller–El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990) (victim's testimony about future hardship as paraplegic was irrelevant on guilt issue and thus inadmissible over objection); *see also* TEX. R. EVID. 402 (evidence that is not relevant is inadmissible).

Assuming without deciding the trial court erred, we must conduct a harm analysis to determine whether any error calls for reversal of the judgment. *See* TEX. R. APP. P. 44.2. If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. TEX. R. APP. P. 44.2(a). Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). Constitutional error is only present when a ruling is constitutionally required; mere misapplication of the rules of evidence is not constitutional error. *Alford v. State*, 22 S.W.3d 669, 673 (Tex. App.—Fort Worth 2000, pet. ref'd). Thus, erroneously admitted victim-impact evidence does not amount to constitutional error. *Karnes v. State*, 127 S.W.3d 184, 196 (Tex. App.—Fort Worth 2003, pet. ref'd); *Lindsay v. State*, 102 S.W.3d 223, 228 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). We therefore consider whether the error affected appellant's substantial rights. TEX. R. APP. P. 44.2(b).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). To determine whether appellant's substantial rights were affected, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, the arguments, and the voir dire. *Motilla v. State*, 78 S.W.3d 352, 355–58 (Tex. Crim. App. 2002).

A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The strength of the evidence of guilt, especially if it is overwhelming, is a factor to be considered. *Motilla*, 78 S.W.3d at 357–58. Whether the State emphasized the error can also be a factor in the appellate court's consideration. *Id.* at 356. If there are "grave doubts" about whether the error did not affect the outcome, then the error is treated as if it did affect the outcome. *Fowler v. State*, 958 S.W.2d 853, 865 (Tex. App.—Waco 1997), *aff'd*, 991 S.W.2d 258 (Tex. Crim. App. 1999).

After examining the record as a whole, we conclude that the admission of the complainant's testimony about what changes she made since the robbery had only a slight effect, if any, on the jury during the guilt/innocence phase of the trial. The remainder of the State's evidence, if believed by the jury, was sufficient to prove beyond a reasonable doubt that appellant participated in the robbery. Appellant admitted to the police detective that he participated in the robbery, and the jury viewed the video of his interrogation. Davis testified that appellant admitted to him that he participated in the robbery, and brought Davis the stolen credit cards from the offense. We cannot say that we are in "grave doubt" about whether the error affected the outcome, and we have a fair assurance on this record that the error had no substantial effect on the jury's guilty verdict. Given the strength of the evidence of guilt, we find the admission of the complainant's impact testimony to be harmless. *See Johnson*, 967 S.W.2d at 417; *Motilla*, 78 S.W.3d at 357–58. Accordingly, we overrule appellant's first issue.

**ACCOMPLICE WITNESS JURY INSTRUCTION**

Appellant claims that the trial court's instructions were fundamentally erroneous for failing to instruct the jury about the necessity of corroborating accomplice witness testimony. The State responds that the trial court did not err in failing to instruct the jury regarding corroboration of accomplice witness testimony because Marcus Davis was not an accomplice witness.

A "conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (accomplice-witness instruction informs jury it cannot use accomplice-witness testimony unless there also exists some non-accomplice evidence connecting defendant to the offense).

A trial judge has no duty to instruct the jury that a witness is an accomplice witness as a matter of law unless there exists no doubt that the witness is an accomplice. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). To be considered an accomplice witness, the witness's participation with the defendant must have involved some affirmative act that promotes the commission of the offense with which the defendant is charged. *Id.* A witness is not an accomplice witness merely because he knew of the offense and did not disclose it, or even if he concealed it. *Id.* In addition, the witness's mere presence at the scene of the crime does not render that witness an accomplice witness. *Id.* If the evidence presented by the parties is conflicting and it remains unclear whether the witness is an accomplice, the trial judge should allow the jury to decide whether the inculpatory witness is an accomplice as a matter of fact under instructions defining the term "accomplice." *Id.*

–7–

Appellant did not object at trial to the trial court's failure to include an accomplice-witness instruction in the jury charge. Therefore, we reverse the trial court only if the record demonstrates that the error resulted in egregious harm. *Casanova v. State*, 383 S.W.3d 530, 533 (Tex. Crim. App. 2012). In the context of a failure by the trial court to submit a required accomplice-witness instruction, egregious harm occurs only if "the jurors would have found the corroborating evidence so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Id*.

Appellant suggests Davis was an accomplice because he participated in the theft element of the offense and his status as an accomplice witness matters because he provided the only definitive testimony that a gun was used in the aggravated robbery. We note that, in fact, the complainant testified the robber who confronted her was holding a gun. She was uncertain whether the second robber also had one because she did not see what he used to hit her in the head. In this case, however, it does not matter because we agree with the State that Davis was not an accomplice witness.

The evidence shows that Davis did not participate in the aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02, .03 (West 2011) (setting forth elements of aggravated robbery). Davis was at his sister's house when the robbery took place. When appellant arrived after the robbery with the stolen credit cards, all elements, including the theft element of the offense, were already complete. *See Paredes v. State*, 129 S.W.3d 530, 536–37 (Tex. Crim. App. 2004) (witness summoned after victims murdered to help defendant dispose of bodies was not accomplice to capital murder). Davis was not charged with aggravated robbery or any lesser included offenses. *See id.* at 536 (witness is not accomplice witness as matter of law if he cannot be prosecuted for offense with which accused is charged or lesser-included offense. After the complainant's credit cards were stolen, Davis did conspire with appellant to use the credit cards

to commit a further crime of credit card abuse. *See* TEX. PENAL CODE ANN. § 32.21(b) (West 2011). Davis was charged with credit card abuse for using the complainant's credit cards. Davis's complicity with appellant in the separate offense of credit card abuse does not make him an accomplice to the aggravated robbery offense. *See Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). We conclude the trial court had no duty to instruct the jury regarding corroboration of accomplice witness testimony and, therefore, it did not err. We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.

/Martin Richter/
MARTIN E. RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

150176F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRYCK JEROD JAMES, Appellant

No. 05-15-00176-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-55636-N.
Opinion delivered by Justice Richter.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of August, 2016.