In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00040-CR**
**NO. 09-19-00041-CR**
_____

**RAPHAEL DIMENICK SAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 18-29123, 18-29124**

**MEMORANDUM OPINION**

A jury found appellant Raphael Dimenick Sam guilty of aggravated robbery and aggravated kidnapping. In trial cause number 18-29123, the jury assessed Sam's punishment as a habitual felony offender at life imprisonment for the offense of aggravated robbery and assessed a $10,000 fine. In trial cause number 18-29124, the jury assessed Sam's punishment as a habitual felony offender at ninety-nine years

1

of confinement for the offense of aggravated kidnapping. In each case, Sam complains about the admission of evidence and argues that his sentence constitutes cruel and unusual punishment. In trial cause number 18-29124, Sam argues that the trial court erred by denying his motion in arrest of judgment. In a letter brief, Sam challenges the trial court's assessment of court costs and requests that we modify the judgments to correct a clerical error. We affirm the trial court's judgments in each cause as modified.

## Admission of Evidence

In his first issue in each case, Sam complains that the trial court erred by allowing evidence regarding the mental injuries of the victim, T.C., which Sam contends is irrelevant and not an element of the offense. According to Sam, the admission of T.C.'s victim impact testimony during guilt-innocence was harmful and requires reversal. We disagree.

We review the trial court's admission of victim impact evidence for an abuse of discretion. *DeLarue v. State*, 102 S.W.3d 388, 402 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). We will uphold a trial court's ruling if it is reasonably supported by the record and is correct under any applicable legal theory. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Victim impact evidence may be admissible during the punishment phase when the evidence has some bearing on

the defendant's personal responsibility or moral culpability. *Espinosa v. State*, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Relevant victim impact evidence may include evidence that concerns the physical, psychological, or economic effect of the crime on the complainant or his family. *Id.*; *see also* Tex. R. Evid. 401.

The record shows that during T.C.'s direct examination, T.C testified, without objection, that he no longer walked to the store at night. Generally, to preserve error for appellate review, a defendant must make a timely, specific objection at trial. *See* Tex. R. App. P. 33.1(a)(1)(A). Because Sam failed to timely object to T.C.'s testimony that he no longer walked to the store at night, we hold that Sam has failed to preserve any error. *See id.*

The record further shows that when the prosecutor asked T.C. if he let his family go out at night, defense counsel objected based on relevance. The prosecutor claimed that it was relevant to T.C.'s mental injuries, and defense counsel argued that it was improper bolstering of the witness and was not acceptable during the guilt-innocence phase. The trial court stated that during direct examination, it would allow a full exploration of the extent of injuries because it is an element of the offense. However, the prosecutor made no further attempt to ask T.C. if he let his family go out at night, and Sam does not point this Court to anything in the record

3

that shows the trial court admitted any evidence concerning T.C.'s mental injuries. *See Espinosa*, 194 S.W.3d at 711. Instead, the record shows that the prosecutor asked T.C. if he was still having physical injuries or problems, and Sam made no objection. Regardless, T.C.'s testimony concerning the extent of his physical injuries was relevant to prove that Sam caused bodily injury. *See id.* We conclude that the record fails to support Sam's contention that the trial court erred by allowing irrelevant evidence of T.C.'s mental injuries. Accordingly, in each case, we overrule Sam's first issue.

## Motion in Arrest of Judgment

In his second issue in trial cause number 18-29124, Sam complains that the trial court erred by denying his motion in arrest of judgment. Sam argues that the judgment in his aggravated kidnapping case is invalid because it contains an affirmative finding that a deadly weapon was used or exhibited when that issue was not appropriately pleaded.

The indictment alleges that Sam:

> did then and there intentionally and knowingly abduct [T.C.], hereafter styled the Complainant, by restricting the movements of the Complainant without the consent of the Complainant, so as to interfere substantially with Complainant's liberty, by moving [T.C.] from one place to another, with the intent to prevent the Complainant's [liberty] by using and threatening to use deadly force, namely, by threatening to shoot the Complainant with a firearm and by striking the Complainant with a firearm and by stabbing the Complainant with a knife, that in the

manner of its use and intended use is capable of causing serious bodily injury and death, and with the intent to inflict bodily injury on the Complainant or fa[c]ilitate the commission of a felony, to-wit: Robbery[.]

The application paragraph of the jury charge tracked the language of the indictment. The jury found Sam guilty of the offense of aggravated kidnapping, as charged in the indictment. The record shows that the trial court entered a deadly weapon finding. Sam filed a motion in arrest of judgment, complaining that the affirmative finding was improperly entered on the judgment because "deadly weapon" was not specifically pleaded in the indictment and no special issue was submitted during punishment. The trial court denied Sam's motion.

A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B). "A firearm is a deadly weapon *per se*." *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). There are three major modes by which a trial court may make an affirmative finding of a deadly weapon when the jury is the trier of fact: (1) when the indictment itself alleges a deadly weapon; (2) when the instrument used is *per se* a deadly weapon, such as a firearm; or (3) when the jury makes an affirmative finding through a deadly weapon special issue included in the jury charge. *Lafleur v. State*, 106 S.W.3d 91, 95 (Tex. Crim. App. 2003).

The State specifically pleaded that a firearm was used in the commission of the offense of aggravated kidnapping, and a firearm is a deadly weapon *per se*. *See Ex parte Huskins*, 176 S.W.3d at 820. We conclude that the trial court's entry of an affirmative finding that Sam used a deadly weapon, namely a firearm, was proper. *See Lafleur*, 106 S.W.3d at 95. Accordingly, the trial court did not err by denying Sam's motion in arrest of judgment. In trial cause number 18-29124, we overrule issue two.

Cruel and Unusual Punishment

In his second issue in trial cause number 18-29123 and his third issue in trial cause number 18-29124, Sam maintains that he should be granted a new punishment hearing because his sentence of ninety-nine years for aggravated kidnapping and his life sentence for aggravated robbery constitute cruel and unusual punishment under the Texas and United States Constitutions, because his sentences are grossly disproportionate to the offenses committed. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. According to Sam, the harm he caused the victim was not life threatening, there was no evidence that the victim suffered any ongoing trauma other than a fear of leaving home at night, there was no evidence that he threatened or caused any harm to society, and his culpability was debated by the police who responded to the scene.

In his brief, Sam cites one case in which the defendant was convicted of aggravated robbery and aggravated sexual assault and three cases in which the defendant was convicted of aggravated robbery and aggravated kidnapping. In all the cases Sam cites, the defendant received shorter sentences than Sam did in the cases at issue.

Generally, a sentence that is within the range of punishment established by the Legislature is not excessive, cruel, or unusual, and will not be disturbed on appeal. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). An appellate court rarely considers a punishment within the statutory range for the offense excessive, unconstitutionally cruel, or unusual under either Texas law or the United States Constitution. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). An exception to this general rule is recognized when the sentence is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 289-90 (1983); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004-05 (1991) (Kennedy J., concurring). Except for cases involving capital punishment, successful challenges to the proportionality of particular sentences are exceedingly rare. *Solem*, 463 US. at 289-90.

To determine whether a sentence is grossly disproportionate to a particular defendant's crime, we consider (1) the severity of the offense in light of the harm caused or threatened to the victim; (2) the culpability of the defendant; and (3) the defendant's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, we then compare the defendant's sentence with the sentences of other offenders in Texas and with the sentences imposed for the same crime in other jurisdictions. *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

Aggravated robbery and aggravated kidnapping are first-degree felony offenses, which carry a punishment range of confinement for life or for any term of not more than ninety-nine years or less than five years. Tex. Penal Code Ann. §§ 12.32(a), 20.04(c), 29.03(b). In addition to imprisonment, a felony of the first degree may be punished by a fine not to exceed $10,000. *Id.* § 12.32(b). In both cases, Sam was charged as a repeat felony offender, and Sam's previous convictions included two felony possessions of a controlled substance and three aggravated robberies. *See id.* § 12.42(c)(1). The record shows that Sam pleaded "true" to all five enhancement paragraphs, thereby subjecting him to a punishment range in each case to

8

imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years. *See id.* We conclude that Sam's sentence of ninety-nine years of confinement for aggravated kidnapping falls within the applicable punishment range and is not unconstitutionally excessive or cruel and unusual. *See id.* § 12.42(c)(1), 20.04(c). We further conclude that Sam's life sentence and $10,000 fine for aggravated robbery falls within the applicable punishment range and is not unconstitutionally excessive or cruel and unusual. *See id.* § 12.42(c)(1), 29.03(b).

Additionally, having reviewed the records and considered the harm to Sam's victim, Sam's culpability, and his prior offenses, we cannot conclude that either case is one of those rare cases that leads to the inference that Sam's sentence was grossly disproportionate to the offense. *See Solem*, 463 US. at 289-90; *Simpson*, 488 S.W.3d at 323. Accordingly, in trial cause number 18-29123, we overrule issue two, and in trial cause number 18-29124, we overrule issue three.

## Modification of Judgments

Sam claims that there is a clerical error in the trial court's judgments that needs to be reformed. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Sam requests that we correct both judgments which reflect that, "THIS SENTENCE SHALL RUN: N/A" to reflect that the sentence shall run concurrently because Sam was found guilty of more than one offense arising out of

9

the same criminal episode prosecuted in a single criminal action. *See* Tex. Penal Code Ann. § 3.03(a). We note that the record reflects that when the trial court orally pronounced Sam's sentences, the trial court ordered that the sentences shall run concurrently. *See Bigley*, 865 S.W.2d at 27. We modify the trial court's judgments in trial cause numbers 18-29123 and 18-29124 to show that Sam shall serve those sentences concurrently.

Sam also challenges the trial court's assessment of court costs in each of the causes instead of only once. The record reflects that the trial court assessed costs of $359 in trial cause numbers 18-29123 and 18-29124. Article 102.073(a) of the Texas Code of Criminal Procedure provides as follows: "In a single criminal action in which a defendant is convicted of two or more offenses or multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a). Sam was convicted of aggravated robbery and aggravated kidnapping in a single criminal action. Therefore, the trial court's imposition of $359 in court costs more than once was improper. *See id.* We modify the trial court's judgment in trial cause number 18-29124 by deleting $359 from the "Court Costs" section of the first page of the judgment. We affirm the trial court's judgments in trial cause numbers 18-29123 and 18-29124 as modified.

10

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 2, 2019
Opinion Delivered January 22, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

11